UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJIV GOEL, M.D., INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC.<br><br>Defendant | Case No. 2:23-cv-10071-HDV (SSCx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 11] AND GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 14]** |

## I. INTRODUCTION

Before the Court is a Motion to Remand[1] filed by Plaintiff Sanjiv Goel, M.D., Inc. on December 29, 2023, as well as a Motion to Dismiss[2] filed by Defendant United Healthcare Services filed on January 5, 2024.[3]

In the Motion to Remand, Plaintiff argues that the case does not satisfy diversity jurisdiction because the amount in controversy does not exceed $75,000 and the claims do not present a federal question. *See* Motion to Remand at 1–2. In the Motion to Dismiss, United Healthcare contends that Plaintiff has not adequately pled its seven causes of action because the Knox-Keene Health Care Service Plan Act ("Knox-Keene Act") does not apply to United Healthcare, all causes of action are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), and Plaintiff fails to allege cognizable causes of action. *See* Motion to Dismiss at 1–2.

For the reasons discussed below, the Court **denies** the Motion to Remand and **grants** the Motion to Dismiss with leave to amend.

## II. BACKGROUND[4]

The present case concerns alleged underpayments for emergency medical services. Complaint ¶¶ 2–3, 25–31. Plaintiff Sanjiv Goel M.D., Inc. is a California corporation through which Dr. Goel, a cardiovascular surgeon, provides emergency medical services. *Id.* ¶ 5. United Healthcare Services provides "claim administrator services", "certifying or authorizing Goel's provision of services to members." *Id.* ¶ 7.

---

[1] *See* Dkt. No. 11. Defendant filed an opposition on February 7, 2024 ("Remand Opp.") [Dkt. No. 18], and Plaintiff filed its reply on February 12, 2024 ("Remand Reply") [Dkt. No. 20].

[2] *See* Dkt. No. 14. Plaintiffs filed an opposition on February 14, 2024 ("Opp.") [Dkt. No. 21], and Defendant filed its reply on February 22, 2024 ("Reply") [Dkt. No. 22].

[3] On February 29, 2024 and March 7, 2024, the Court held oral arguments and took both matters under submission [Dkt. Nos. 25, 28].

[4] Plaintiff filed the Complaint on June 29, 2023 in state court [Dkt. No. 1-1, Ex. A]. Defendant timely removed the action after it was served on October 31, 2023 [Dkt. No. 1].

In the healthcare industry, medical services providers may enter into a contract with a health insurance company such that the health services providers are "in network" with the health insurer. Complaint ¶ 14. This allows subscribers to the health insurer to pay "lower deductibles, copayments and coinsurance for using the provider." *Id.* Being "in network" with a health insurer also allows the health insurer to set rates of pay for services while guaranteeing "that the payor will timely reimburse the doctor for the medical services provided…." *Id.*

Plaintiff has never contracted with United Healthcare Services and is not part of Defendant's network of providers. Complaint ¶¶ 15, 17. However, since "California law also expressly requires health plans and their delegated entities to pay for the emergency services provided to their members," *id.* ¶ 20, Plaintiff alleges that at various times it has provided emergency care to patients who are enrolled in UHC's health plan, including the patient "R.H."[5] *Id.* ¶¶ 9, 19, 25.

After Plaintiff provided medical care to R.H. and other UHC members, Plaintiff "promptly submitted bills to United in accordance with industry standards, as well as follow up documentation upon request." Complaint ¶¶ 9, 25. Plaintiff contends that it is entitled to be reimbursed for its services in the amount of the billed charges, which Plaintiff claims is "equal to the reasonable and customary value for the services provided to" the patient. *Id.* ¶ 28. Plaintiff further alleges that it was "paid some amount" for the services, but that it was underpaid because United Healthcare Services used "faulty methodology without considering industry standards or the factors required by the DMHC … and relevant California law." *Id.* ¶¶ 29–30.

---

[5] R.H. was a participant in a self-funded health benefits plan sponsored by Hallmark Cards, Inc. during the at-issue date of service in the Complaint. Declaration of Jane Stalinski ("Stalinski Decl.") ¶ 5, Exhibit A [Dkt. Nos. 1-3, 1-4]. Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it ... is generally known within the trial court's territorial jurisdiction; or ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). United Healthcare Services does not meaningfully object to or question the accuracy of the documents. The Court grants Defendant's Request for Judicial Notice in its entirety [Dkt. No. 15].

### III. LEGAL STANDARD

Federal courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal jurisdiction under § 1332 requires complete diversity, *i.e.*, that each plaintiff is diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)). A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441. That statute is strictly construed against removal jurisdiction and there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). If the court lacks subject-matter jurisdiction or there exists any defect in the removal procedure, a federal court may remand the case to state court. *See* 28 U.S.C. § 1447(c).

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A properly pled complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

## IV. DISCUSSION

### A. Motion to Remand

Plaintiff argues that the present case must be remanded because there is no subject matter jurisdiction. Plaintiff advances two arguments in support. First, Plaintiff contends that diversity jurisdiction fails because the Complaint specifically pleads damages less than the amount in controversy threshold of $75,000. Motion to Remand at 4. And second, Plaintiff avers that there is no federal question implicated because the state law claims are not preempted by ERISA. *Id.*

Plaintiff's first claim has merit. Courts have consistently allowed plaintiffs to plead (or stipulate) to a cap on damages and fees under the jurisdictional threshold. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (acknowledging the practice of "obtain[ing] a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."); *see also Sanjiv Goel M.D., Inc. v. United Healthcare Servs., Inc.*, No. 2:23-CV-10065-SPG-E, 2024 WL 515438, at *2 (C.D. Cal. Feb. 8, 2024) (permitting Plaintiff to plead to damages under $75,000); *Sanjiv Goel M.D., Inc. v. United HealthCare Services, Inc.*, 2023 WL 2541113, at *2 (C.D. Cal. March 16, 2023) (same). And here there is no dispute that the parties are citizens of different states. Opp. to Motion for Remand at 11. The Court is unpersuaded by Defendant's assertion that the Complaint reasonably implicates damages far in excess of the threshold. Plaintiff's Complaint is crystal clear on the prayer for relief under the jurisdictional amount, and the Court is entitled to hold Plaintiff to this representation for purposes of remand analysis.

Plaintiff's second argument is more difficult. ERISA has a sweeping, "clearly expansive," preemption provision. *Cal. Div. of Labor Standards Enf't v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 324 (1997). Section 514(a) of ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan .…" 29 U.S.C. § 1144(a). Preemption exists if a state-law claim "has a reference to ERISA plans" or "has an impermissible connection with ERISA plans." *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319 (2016) (citations omitted). "A state-law claim has a reference to an ERISA plan if it is premised on the existence of an ERISA plan or if the existence of the plan is essential to the claim's survival." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665 (9th Cir. 2019) (citations omitted).

5

There are two prongs to the ERISA preemption test, known as the *Davila* test. A state claim "is completely preempted if (1) 'an individual, at some point in time, ***could*** have brought [the] claim under ERISA § [1132](a)(1)(B)[6],' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)) (emphasis added). *Davila* is a conjunctive test, which means that state law claims are only preempted if both prongs of *Davila* are met. *Id.* at 947.

### i. First Prong of *Davila*

ERISA § 502(a) specifies the categories of individuals and entities that may enforce the statute's provisions. 29 U.S.C. § 1132(a). Participants or beneficiaries may sue to recover benefits, enforce their rights, or clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1). Plaintiff specifically alleges that it is a "beneficiary" of the Plan. Complaint ¶ 34 ("UHC therefore owes fiduciary duties to all members and subscribers in its plans and also to Goel as a beneficiary."). This alone supports ERISA preemption.

Plaintiff argues that it was barred from bringing state claims under Section 502(1)(B) of ERISA[7] because it lacked "statutory standing" given its status as a health care provider, which "are not enumerated parties under ERISA's civil enforcement provisions." Motion for Remand at 10

---

[6] ERISA's civil enforcement provisions specify the categories of individuals and entities that may enforce the statute's protections.

The relevant provisions state: "(a) A civil action may be brought—(1) by a participant or beneficiary—(A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." ERISA § 502(a), 29 U.S.C. § 1132 (a)(1), (3).

*DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 873 (9th Cir. 2017).

[7] Codified as 29 U.S.C. §§ 1132(a)(1)(B).

(citing 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)). It is true that "a non-participant health care provider ... cannot bring claims for benefits on its own behalf" under ERISA. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014), *cert denied, United Healthcare of Ariz. v. Spinedex Physical Therapy USA, Inc.*, 577 U.S. 922 (2015) (citation omitted). But such health care providers ***can*** bring ERISA claims "derivatively, relying on its patients' assignments of their benefits claims." *Id.*[8]

The Complaint is largely silent on whether the underlying patients assigned their benefits to Plaintiff.[9] But the Complaint's allegation that after providing care to Defendant's "Members, Goel promptly submitted bills to [Defendant]" and was "grossly underpaid," is only possible with an assignment of benefits. Complaint ¶¶ 25, 29; *see also Lodi*, No. 2:15-CV-00319-MCE, 2015 WL 5009093, at *6 ("Even aside from the Straughan Declaration, the Complaint itself alleges that Plaintiff billed the Plan directly and received payment directly from the Plan.… This is only possible with an assignment of benefits.").[10]

Given that Plaintiff has pled that it has already billed and received, at least in part, funds

---

[8] *Accord Lodi Mem'l Hosp. Ass'n v. Tiger Lines, LLC*, No. 2:15-CV-00319-MCE, 2015 WL 5009093, at *5 (E.D. Cal. Aug. 20, 2015) ("While Plaintiff is correct that the first prong of the *Davila* test contemplates an individual bringing ERISA claims, and although that individual is typically the insured plan member himself, derivative standing is nonetheless permitted when the insured assigns his benefits and rights under the plan to a healthcare provider.").

[9] The Court identifies two allegations in the Complaint that suggest assignments made to Goel: "Goel believes that UHC has improperly and impermissibly refused to pay, or has underpaid, for services that Goel rendered to members assigned to UHC as non-contracted provider," and "Goel's billed charges are less than or equal to the reasonable and customary value for the services that Goel provided to members assigned to UHC as a non-contracted provider." Complaint ¶¶ 86, 88. Plaintiff's assertions that the patients "assigned" their care to Defendant contradicts the fact that Defendant "administers" the health care plan and is not an assignee. Plaintiff appears to understand this structure in its other allegations in the Complaint. *See id.* ¶ 7.

[10] *See also* U.S. Department of Labor, *Benefit Claims Procedure Regulation FAQs*, https://www.dol.gov/agencies/ebsa/about-ebsa/our-activities/resource-center/faqs/benefit-claims-procedure-regulation# ("[A] claimant may request payments for medical services from a plan, but the medical provider will continue to have recourse against the claimant for amounts unpaid by the plan, the request, whether made by the claimant or by the medical provider (e.g., in the case of an assignment of benefits by the claimant) would constitute a claim for benefits by the claimant.").

from Defendant for its services—a request that would not have been possible without assignment—Plaintiff could have brought a claim under ERISA to pursue its alleged underpayment, and thus the first prong of the *Davila* test is met. Plaintiff is "disputing the correctness of the benefits paid," thus relating directly to the ERISA plan. *C.f. Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (finding that the breach of contract action did not "relate" to the ERISA plan because it did "not require interpreting the plan or dictate any sort of distribution of benefits").

Plaintiff responds by arguing that even if it could have sued based on assignment, "*Marin General* makes it clear that the hospital has the right to sue upon an *independent* obligation." Motion to Remand at 11 (citing *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009)) (emphasis in original). *Marin General* concerned allegations that the defendant "orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses at the Hospital." *Id.* at 943. Based on these specific telephonic promises, the court found the "obligation to pay this additional money does not stem from the ERISA plan, and [plaintiff] is therefore not suing as the assignee of an ERISA plan participant or beneficiary under § 502(a)(1)(B). Rather, the asserted obligation to make the additional payment stems from the alleged oral contract between [plaintiff] and [defendant]." *Id.* at 948.

No such additional contract is alleged here.[11] Plaintiff's claims would not exist but-for the ERISA plan between the underlying patient and Defendant. There are no allegations that Defendant made promises—oral, written, or otherwise—to pay more to Plaintiff than its preexisting obligation to out-of-network medical providers under the underlying patient's ERISA plan. Thus, the first

---

[11] "[I]n alleging that the Defendants improperly paid less than the full amount of Plaintiff's billings, Plaintiff identifies no independent contract, agreement or obligation apart from obligations under the plan agreement itself. *Marin General*'s holding that the hospital there had identified grounds apart from ERISA in claiming its entitlement to additional monies therefore has no bearing on the present case where no such independent obligation has been shown." *Lodi*, No. 2:15-CV-00319-MCE, 2015 WL 5009093, at *6. In its Motion to Remand, Plaintiff cites an earlier case the *Lodi* plaintiff brought against a different defendant where the court found the plaintiff's claims were not preempted by ERISA. Motion to Remand at 8, 11 (citing *Lodi Mem'l Hosp. Ass'n, Inc. v. Am. Pac. Corp.*, No. 2:14-CV-01865 JAM, 2014 WL 5473540 (E.D. Cal. Oct. 20, 2014)). The earlier *Lodi* case concerned a separate contract independent of an ERISA policy claim between the parties and is therefore also inapposite. *Id.* at *1.

8

prong of the *Davila* test is satisfied.

### ii. Second Prong of *Davila*

Plaintiff contends that its claims are not preempted by ERISA under the second prong of *Davila* because it has pled a claim for relief for unfair business practices based on an independent statutory scheme. Motion to Remand at 12 (citing Cal. Bus. & Prof. Code § 17200, *et seq*.). Looking to the Complaint, Plaintiff's UCL claim relies solely on Defendant's alleged violation of Health and Safety Code §§ 1300.71, 1371 *et seq*. Complaint ¶¶ 78–83.

Again, *Lodi* proves instructive as that court found that such a claim is preempted. *Lodi*, No. 2:15-CV-00319-MCE, 2015 WL 5009093, at *7 (citing *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005) ("[T]he only factual basis for relief pleaded in [plaintiff's] complaint is the refusal of [defendant] to reimburse him for the medical care he received. Any duty or liability that [defendant] had to reimburse him 'would exist here only because of [defendant's] administration of ERISA-regulated benefit plans.'")). Furthermore, the cited statutes of the Health and Safety Code are part of the Knox-Keene Health Care Act, which is "inapplicable … to the facts of the present case" since Knox-Keene "applies only to health care service plans and specialized health care service plan contracts, and not to self-funded plans or health insurance policies." *Id.* (citing *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 938, n.5 (2003)). Plaintiff alleges in the Complaint that Defendant is a "health care service plan," Complaint ¶ 6, but Defendant provides, and the Court takes proper judicial notice of, a California Department of Insurance certificate confirming that it is an "***administrator***," not a health care service plan. *See* Motion to Dismiss, Ex. 2[12] (emphasis added); *see also Regents of the Univ. of California v. Aetna US Health of California, Inc.,* No. SACV101043DOCRNBX, 2011 WL 13227844, at *6 (C.D. Cal. Mar. 15, 2011) (holding

---

[12] Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it ... is generally known within the trial court's territorial jurisdiction; or ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). United Healthcare Services does not object to or question the accuracy of the documents. The Court takes judicial notice of Motion to Dismiss, Ex. 2.

9

that defendant was not a health care service plan based on a provided certificate from the Department of Insurance); *see also Namdy Consulting, Inc. v. UnitedHealthcare Ins. Co.*, No. CV 18-01283-RSWL-KS, 2018 WL 6430119, at *3, n.1 (C.D. Cal. July 11, 2018) (holding defendant was not a health care service plan based on judicial notice of California government healthcare website). Therefore, even if ERISA did not preempt Plaintiff's Unfair Business Practices claim, alleged violations of the Knox-Keene Act do not give rise to an independent duty as Defendant is not subject to it. In short, Plaintiff cannot assert an independent legal duty outside of ERISA, and the second prong of *Davila* is satisfied.[13]

Given both prongs of the *Davila* test are met, Plaintiff's causes of action necessarily implicate federal law, removal to this Court was proper, and remand must be denied.

**B.     Motion to Dismiss**

As stated *supra*, the Court finds that ERISA is the basis for the state law claims of the present case. ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1444(a). ERISA presents aggrieved plaintiffs—including medical providers who have been assigned the right to pursue their patient's health care benefits—with a remedy under 29 U.S.C. § 1132(a)(1)(B). If "state-law causes of action come within the scope of [it], those causes of action are completely preempted, and the only possible cause of action is under § [1132(a)(1)(B)]." *Marin General*, 581 F.3d at 946. The test to determine ERISA preemption is the *Davila* test, discussed *supra*. *Id.* The *Davila* test has been met here, where a medical provider brings an action to recover improper payment of medical benefits solely based in a patient's ERISA plan and does not plead any additional facts that may give rise to an independent legal obligation to the medical provider. *Lodi*, No. 2:15-CV-00319-MCE, 2015 WL 5009093, at *7; *Vrijesh S. Tantuwaya MD, Inc. v. Anthem Blue Cross Life & Health Ins. Co.*, 169 F. Supp. 3d 1058, 1071–73 (S.D. Cal. 2016) (finding preemption where state law claims were based on the allegation

---

[13] Plaintiff also asserts that its quantum meruit claim is based on an independent obligation, citing *Marin General*. Motion for Remand at 11–12. Like discussed, *supra*, however, *Marin General*'s independent obligation arose because of additional promises made by the defendant to the plaintiff. No such facts were alleged here.

10

that Blue Shield wrongfully denied reimbursement for emergency services that plaintiff provided to an enrollee in a Starbucks ERISA plan). Resolving the merits of the dispute requires referencing and interpreting the ERISA plan, and as such, Plaintiff's claims are preempted by ERISA and dismissed.

A court "shall grant leave to amend freely 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Fed. R. Civ. P. 15(a)). In the Ninth Circuit, "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Though Plaintiff has no remaining state court claims, the Court grants leave to amend because Plaintiff has not yet had an opportunity to amend the Complaint to assert claims under ERISA, and it may yet be able to set forth how it is entitled to additional payment under that federal statutory scheme.

## V.   CONCLUSION

In summary, Plaintiff's Motion to Remand is *denied* and Defendant's Motion to Dismiss is *granted*, with leave to amend to permit Plaintiff to plead ERISA claims.

Dated:   March 29, 2024

　　　　　　　　　　　　　　　　　　　Hernán D. Vera
　　　　　　　　　　　　　　　　　　　United States District Judge